UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SADIQUA HAMILTON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AT&T CORP., et al., )<br>)<br>Defendants. ) | Case No. 1:17 CV 156 ACL |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion for More Definite Statement as to Count III of Plaintiff's Petition. (Doc. 9.) Plaintiff has not filed a response to Defendants' motion.

## **BACKGROUND**

Plaintiff filed a Petition against AT&T Corp. and Andrea Kenslow in the Circuit Court of Cape Girardeau County, Missouri, on or about September 7, 2017. (Doc. 1-1.) Plaintiff alleges a violation of Title VII of the Civil Rights Act, as amended by the Pregnancy Discrimination Act (Count I), a violation of the Missouri Human Rights Act (Count II), and breach of contract (Count III), resulting from Plaintiff Sadiqua Hamilton's employment with AT&T Corp. Defendants Southwestern Bell Telephone Company[1] and Andrew Kenslow removed the action to this Court on September 7, 2017, based upon federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a). (Doc. 1.)

---

[1] In the Notice of Removal, Southwestern Bell Telephone Company states that it was Plaintiff's former employer, and that Plaintiff wrongfully identified AT&T Corp. as a Defendant. (Doc. 1 at 1.)

1

**DISCUSSION**

Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The motion for a more definite statement "must be made before filing a responsive pleading[.]" *Id.* "Rule 12(e) is not designed to remedy an alleged lack of detail, rather, the Rule is intended to serve as a means to remedy unintelligible pleadings." *Resolution Trust Corp. v. Fiala*, 870 F. Supp. 962, 977 (E.D. Mo. 1994). "[T]he only question is whether it is possible to frame a response to the pleading." *Ransom v. VFS, Inc.*, 918 F. Supp. 2d 888, 901 (D. Minn. 2013).

In this case, Defendants argue that Plaintiff has failed to sufficiently plead the necessary elements of a breach of contract action in Count III. Specifically, Defendants claim that Plaintiff "failed to properly allege a contract between Plaintiff and Defendants existed," in that Plaintiff "failed to identify or attach the contract Defendants allegedly breached," and failed to "identify who offered her the alleged contract, when it was offered, or when she accepted it." (Doc. 9 at 2.) Defendants contend that Plaintiff's "sparse and ambiguous allegations prejudice Defendants' ability to properly respond to her claim." *Id.* at 3.

"A breach of contract action includes the following essential elements: (1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff." *Braughton v. Esurance Ins. Co.,* 466 S.W.3d 1, 8 (Mo. Ct. App. 2015).

In Count III of the Petition, Plaintiff alleges that, as part of her employment, "Employer promised and represented that it would provide Employee with benefits including medical/health insurance, vacation/sick leave, and the opportunity to participate in Employer's 401K savings

2

plan." (Doc. 1-1 at p. 8, ¶ 35.)  Plaintiff states that these employment benefits were "promised to be made available to Employee after 6 months from her date of hire on November 30, 2015." *Id.* at ¶ 36.)  She alleges that, although she complied with all conditions of employment and provided Employer with satisfactory work, Employer terminated her on April 22, 2016, "knowing that she was pregnant and would require a period of leave and health insurance, specifically so Employer would not have to confer these benefits upon Employee." *Id.* at ¶¶ 37, 38.  Plaintiff claims that Employer thereby breached its contract and agreement with her. *Id.* at ¶ 39.  She alleges that she was damaged by this breach "in that she was forced to complete her pregnancy and incur medical expenses without a job, salary, or health insurance." *Id.* at ¶ 40.

The Court finds that the Petition sufficiently sets forth the essential elements of a breach of contract claim.  Plaintiff alleges that Defendants promised her that she would receive certain employment benefits beginning six months after her November 30, 2015 start date; she performed under the agreement by providing satisfactory work; Defendants breached the contract by terminating her on April 22, 2016, to avoid providing benefits under the agreement; and she was damaged in that she incurred medical expenses associated with her pregnancy without a salary or health insurance.  Plaintiff provides a short and plain statement of the facts demonstrating the basis for Defendants' liability.  Count III therefore meets the federal notice pleading standard of Fed.R.Civ.P. 8(a).

Defendant seeks an order requiring Plaintiff to "identify or attach the alleged contract between Plaintiff and Defendants, or otherwise allege such facts so as to establish each of the necessary elements of the breach of contract cause of action." (Doc. 9 at 3.)  The purpose of Rule 12(e) is not "to remedy an alleged lack of detail," but to "remedy unintelligible pleadings." *Resolution Trust Corp*, 870 F. Supp. at 977.  The Petition is not so unintelligible, vague, or

3

ambiguous such that Defendant cannot reasonably frame a response.  Thus, the Court will deny Defendants' Motion.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for More Definite Statement (Doc. 9) is **DENIED**.

/s/ Abbie Crites-Leoni
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 13th day of December, 2017.